UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MANUEL V. LUQUE,
CRISTINA RODRIGUEZ,
and other similarly situated individuals,

    Plaintiffs,

v.

DRIFTWOOD HOSPITALITY
MANAGEMENT II, LLC,
a/k/a TOWNEPLACE SUITES BY MARRIOTT
MIAMI KENDALL WEST

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW, the Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC, a/k/a TOWNEPLACE SUITES BY MARRIOTT MIAMI KENDALL WEST, and allege:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ are residents of Miami-Dade County within the jurisdiction of this Court. Plaintiffs were employees of Defendant within the meaning of the FLSA.

3. Corporate Defendant DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC, a/k/a TOWNEPLACE SUITES BY MARRIOTT MIAMI KENDALL WEST (hereinafter TOWNEPLACE SUITES BY MARRIOTT, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ to recover from Defendant overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Defendant TOWNEPLACE SUITES BY MARRIOTT is a Florida business that provides hospitality services. TOWNEPLACE SUITES BY MARRIOTT HOTEL is located at 9055 SW 162nd Avenue, W. Miami, Florida 33196, where both Plaintiffs worked.

7. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff MANUEL V. LUQUE as a non-exempted full-time hourly employee from approximately January 21, 2022, to May 03, 2022, or 14 weeks. Plaintiff had duties as a houseman and janitor. Plaintiff was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

8. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff CRISTINA RODRIGUEZ as a non-exempted full-time hourly employee from approximately January 13, 2022, May 03, 2022, or 16 weeks. Plaintiff has duties as a housekeeper, and she was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

9. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ are husband and wife. For approximately six weeks, both Plaintiffs worked the same schedule.

10. After that period, both Plaintiffs worked on different schedules, but they worked routinely and consistently more than 40 hours every week. However, they were not paid for their wages as required by the FLSA.

11. <u>1.-Claim of Plaintiff MANUEL V. LUQUE.</u> - Plaintiff worked for Defendant a total of 14 weeks. During approximately 6 weeks, Plaintiff worked the same irregular schedule as his wife CRISTINA RODRIGUEZ, or 55 hours weekly. Plaintiff was not able to take bonafide lunch hours.

12. During the remaining 8 weeks, Plaintiff worked an average of 46.5 hours weekly

13. Plaintiff was paid for 40 regular hours plus a few overtime hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

14. Defendant deducted 2.5 lunch hours even though Plaintiff did not take bonafide lunch hours. These lunch hours constitute unpaid overtime hours.

15. Plaintiff is claiming 6 weeks with 10 unpaid overtime hours, (including 2.5 lunch hours unproperly deducted) and 8 weeks with 4.5 unpaid overtime hours (including 2.5 lunch hours unproperly deducted)

16. <u>2.-Claim of Plaintiff CRISTINA RODRIGUEZ</u>. - During her employment with Defendant Plaintiff CRISTINA RODRIGUEZ worked an extremely irregular schedule. Plaintiff worked

weeks of 5 days and week of 6 days. Usually, Plaintiff worked from 9:00 AM to 8:30, or 9:00 PM (11 hours daily average) Plaintiff completed in weeks of 5 days, a minimum of 55 hours weekly. At least once per month, Plaintiff worked 6 days with 66 hours per week. Plaintiff was not able to take bonafide lunch hours.

17. Plaintiff was paid for 40 regular hours plus an average of 5 overtime hours weekly. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate. Defendant deducted 2.5 lunch hours in weeks of 5 days and 3 hours of lunchtime in weeks of 6 days, even though Plaintiff did not take bonafide lunch hours.

18. Plaintiff CRISTINA RODRIGUEZ is claiming 12 weeks of 5 working days with 10 unpaid overtime hours weekly (including lunch hours improperly deducted), plus 4 weeks of 6 working days with 15 unpaid overtime hours weekly (including 3 lunchtime hours unproperly deducted).

19. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ clocked in and out using a company tablet with a code, and Defendant was able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about the number of hours worked by Plaintiffs. Defendant was in complete control of Plaintiffs' schedule, and time records, and they knew the actual number of hours that Plaintiffs and other similarly situated individuals were working.

20. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S.C. §206 (a) of the Fair Labor Standards Act. Defendant also failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiffs were paid bi-weekly with checks and paystubs, but Plaintiffs never agreed with the number of hours paid to them. Plaintiffs clocked in and out, including lunchtime, but they had no access to verify their number of hours worked. Plaintiffs allege that the management "fixed" employees' number of working hours and then boasted about bonuses received due to their ability to keep the payroll hours down.

22. Plaintiffs complained multiple times to Supervisor Yaribeis LNU, to H.R Roselin LNU, to Manager Ninoska Mendoza, and General Manager Jenny Black. Plaintiffs complained about missing working hours and deducted lunchtime. Defendant never fixed the problem.

23. On or about April 30, 2022, Plaintiff MANUEL V. LUQUE complained to Supervisor Roselin LNU, about the deduction of lunchtime and about unpaid overtime hours. Plaintiff also complained about the unpaid overtime hours of his wife CRISTINA RODRIGUEZ.

24. As a consequence of these complaints, Manager Ninoska Mendoza fired Plaintiff MANUEL V. LUQUE and CRISTINA RODRIGUEZ.

25. On or about May 03, 2022, Manager Ninoska Mendoza sent her husband, Roberto Negretti (from Domus Hospitality, LLC) to contact Plaintiff MANUEL V. LUQUE, threatening to call ICE if Plaintiffs returned to the hotel for any reason.

26. Plaintiffs are not in possession of time and payment records, but they will provide a good faith estimate of unpaid wages based on their recollections. Plaintiffs will amend their Complaint when Defendant produces time and payment records.

27. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ intend to recover overtime wages for every hour in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

28. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum wages and overtime wages at the rate of time and one-half their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME;**

29. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ re-adopt every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. This cause of action is brought by Plaintiffs as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendant TOWNEPLACE SUITES BY MARRIOTT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services to the public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per

annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

32. Plaintiffs and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiffs' activities were directed to maintain facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

33. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff MANUEL V. LUQUE as a non-exempted full-time hourly employee from approximately January 21, 2022, to May 03, 2022, or 14 weeks. Plaintiff had duties as a houseman and janitor. Plaintiff was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

34. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff CRISTINA RODRIGUEZ as a non-exempted full-time hourly employee from approximately January 13, 2022, May 03, 2022, or 16 weeks. Plaintiff has duties as a housekeeper, and she was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

35. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ are husband and wife. For approximately six weeks, both Plaintiffs worked the same schedule.

36. After that period, both Plaintiffs worked on different schedules, but they worked routinely and consistently more than 40 hours every week. However they were not paid for their wages as required by the FLSA.

37. Plaintiffs were not able to take bonafide lunchtime, but Defendant deducted 30 minutes daily as lunch hours. These unproperly deducted lunch hours constitute additional unpaid overtime hours.

38. Plaintiff MANUEL V. LUQUE is claiming 6 weeks with 10 unpaid overtime hours, (including 2.5 lunch hours unproperly deducted) and 8 weeks with 4.5 unpaid overtime hours (including 2.5 lunch hours unproperly deducted)

39. Plaintiff CRISTINA RODRIGUEZ is claiming 12 weeks of 5 working days with 10 unpaid overtime hours weekly (including lunch hours improperly deducted), plus 4 weeks of 6 working days with 15 unpaid overtime hours weekly (including 3 lunchtime hours improperly deducted).

40. Plaintiffs clocked in and out, and Defendant was able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about the number of hours worked by Plaintiffs.

41. Therefore, Defendant willfully failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

42. Plaintiffs were paid bi-weekly with checks and paystubs that did not show the real number of hours worked.

43. The records, if any, concerning the number of hours actually worked by Plaintiffs and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiffs and other employees.

44. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Prior to the completion of discovery and the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' good faith estimate of unpaid overtime wages is as follows:

1.- Overtime Claim or Plaintiff MANUEL V. LUQUE

\* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust his calculations as needed.

a. <u>Total amount of alleged unpaid O/T wages:</u>

   One Thousand Seven Hundred Twenty-Eight Dollars and 00/100 ($1,728.00)

b. <u>Calculation of such wages:</u>

   Total weeks of employment:  14 weeks
   Total relevant weeks of employment: 14 weeks
   Regular rate: $12.00 an hour x 1.5= $18.00 an hour
   O/T rate: $18.00 an hour

   1.- Overtime for 6 weeks with 5 days/ 55 hours weekly  average
   Relevant weeks: 6 weeks
   Total number of hours worked: 55 hours average
   Total number of unpaid overtime hours: 10 hours  (including 2.5 lunch hours)

   O/T rate $18.00 x 10 O/T hours= $180.00 weekly x 6 weeks=$1,080.00

   2.- Overtime for 8 weeks with 46.5 hours weekly average
    Relevant weeks: 8 weeks
   Total number of hours worked: 46.5 hours average
   Total number of unpaid overtime hours: 4.5 hours average (including 2.5 lunch hours deducted weekly)

   O/T rate $18.00 x 4.5 O/T hours= $81 weekly x 8 weeks=$648.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid overtime wages.

2.- Overtime Claim or Plaintiff CRISTINA RODRIGUEZ

\* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Three Thousand Two Hundred Forty Dollars and 00/100 ($3,240.00)

b. <u>Calculation of such wages</u>:
Total weeks of employment:  16 weeks
Total relevant weeks of employment: 16 weeks
Regular rate: $12.00 an hour x 1.5= $18.00 an hour
O/T rate: $18.00 an hour

1.- Overtime for 12 weeks with 5 days/ 55 hours weekly  average
Relevant weeks: 12 weeks
Total number of hours worked: 55 hours average
Total number of unpaid overtime hours: 10 hours  (including 2.5 lunch hours)

O/T rate $18.00 x 10 O/T hours= $180.00 weekly x 12 weeks=$2,160.00

2.- Overtime for 4 weeks with 66 hours weekly average

 Relevant weeks: 4 weeks
Total number of hours worked: 66 hours average
Total number of unpaid overtime hours: 15 hours average (including 3 lunch hours)

O/T rate $18.00 x 15 O/T hours= $270.00 weekly x 4 weeks=$1,080.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages

46. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of

Plaintiffs and those similarly situated employee's employment with Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

48. Defendant TOWNEPLACE SUITES BY MARRIOTT, willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States and remains owing Plaintiffs these overtime wages.

49. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ and other similarly situated individuals and against the Defendant TOWNEPLACE SUITES BY MARRIOTT, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ demand a trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE;

50. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ re-adopt every factual allegation as stated in paragraphs 1-28 of this Complaint as if set out in full herein.

51. Defendant TOWNEPLACE SUITES BY MARRIOTT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services to the public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

52. Plaintiffs and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate

commerce at any time in business, but Plaintiffs' activities were directed to maintain facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

53. By reason of the foregoing, Defendant' business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff MANUEL V. LUQUE as a non-exempted full-time hourly employee from approximately January 21, 2022, to May 03, 2022, or 14 weeks. Plaintiff had duties as a houseman and janitor. Plaintiff was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

57. Defendant TOWNEPLACE SUITES BY MARRIOTT, employed Plaintiff CRISTINA RODRIGUEZ as a non-exempted full-time hourly employee from approximately January 13, 2022, May 03, 2022, or 16 weeks. Plaintiff has duties as a housekeeper, and she was paid a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

58. While employed by Defendant, Plaintiffs worked more than 40 hours every week, but they were not paid for their wages as required by law.

59. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ are husband and wife. For approximately six weeks, both Plaintiffs worked the same schedule.

60. After that period, both Plaintiffs worked on different schedules, but they worked routinely and consistently more than 40 hours every week. However, they were not paid for their wages as required by the FLSA.

61. Plaintiffs were not able to take bonafide lunchtime, but Defendant deducted 30 minutes daily as lunch hours. These unproperly deducted lunch hours constitute additional unpaid overtime hours.

62. Plaintiff MANUEL V. LUQUE is claiming 6 weeks with 10 unpaid overtime hours, (including 2.5 lunch hours unproperly deducted) and 8 weeks with 4.5 unpaid overtime hours (including 2.5 lunch hours unproperly deducted)

63. Plaintiff CRISTINA RODRIGUEZ is claiming 12 weeks of 5 working days with 10 unpaid overtime hours weekly (including lunch hours improperly deducted), plus 4 weeks of 6 working days with 15 unpaid overtime hours weekly (including 3 lunchtime hours improperly deducted).

64. Plaintiffs clocked in and out, and Defendant was able to monitor the hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about the number of hours worked by Plaintiffs.

65. Therefore, Defendant willfully failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

66. Plaintiffs were paid bi-weekly with checks and paystubs, but Plaintiffs never agreed with the number of hours paid to them. Plaintiffs clocked in and out, including lunchtime, but they had no access to verify their number of hours worked. Plaintiffs allege that the management "fixed"

employees' number of working hours and then boasted about bonuses received due to their ability to keep the payroll hours down.

67. Plaintiffs complained multiple times to Supervisor Yaribeis LNU, to H.R Roselin LNU, to Manager Ninoska Mendoza, and General Manager Jenny Black. Plaintiffs complained about missing working hours and deducted lunchtime. Defendant never fixed the problem.

68. These complaints constituted protected activity under the Fair Labor Standards Act.

69. After Plaintiffs complained they suffered harassment, they were reprimanded and intimidated, and they suffered a hostile working environment.

70. On or about April 30, 2022, Plaintiff MANUEL V. LUQUE complained to Supervisor Roselin LNU, about the deduction of lunchtime and unpaid overtime hours one more time. Plaintiff also complained about the unpaid overtime hours of his wife, housekeeper CRISTINA RODRIGUEZ.

71. As a result of these complaints, Manager Ninoska Mendoza fired Plaintiff MANUEL V. LUQUE and CRISTINA RODRIGUEZ.

72. On or about May 03, 2022, Manager Ninoska Mendoza sent her husband, Roberto Negretti (from Domus Hospitality, LLC) to contact Plaintiff MANUEL V. LUQUE, threatening to call ICE if Plaintiffs returned to the hotel for any reason.

73. At all times during their employment with Defendant, Plaintiffs performed their duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiffs' employment.

74. There is close proximity between Plaintiffs' last protected activity and their termination.

75. Defendant TOWNEPLACE SUITES BY MARRIOTT, willfully and intentionally refused to pay Plaintiffs overtime wages as required by the laws of the United States as set forth above, and then retaliated against Plaintiffs by firing them.

76. The motivating factor which caused the Plaintiffs' discharge, as described above, was their complaints seeking overtime wages from Defendant. In other words, the Plaintiffs would not have been discharged but for their complaints about overtime wages.

77. The Defendant's termination of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiffs have been damaged.

78. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant TOWNEPLACE SUITES BY MARRIOTT, that Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ further pray for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiffs MANUEL V. LUQUE and CRISTINA RODRIGUEZ demand a trial by jury of all issues triable as of right by jury.

Dated:  July 12, 2022.

        Respectfully  submitted,

        By:  /s/ **Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiffs*