UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22138-ALTONAGA/TORRES

MANUEL V. LUQUE,
CRISTINA RODRIGUEZ,
and other similarly situated individuals,

    Plaintiffs,

v.

DRIFTWOOD HOSPITALITY
MANAGEMENT, II, LLC a/k/a
TOWNEPLACE SUITES BY
MARRIOTT MIAMI KENDALL WEST,

    Defendant.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiffs, Manuel Luque and Cristina Rodriguez (jointly "Plaintiffs"), and Defendant, Driftwood Hospitality Management, II, LLC[1] ("Defendant") (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of their FLSA settlement agreement.

The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement agreement (the "Agreement") and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement will be provided for *in camera* review.

---

[1] The style of the Complaint incorrectly identifies Plaintiffs' employer as Driftwood Hospitality Management, II, LLC a/k/a TownePlace Suites by Marriott Miami Kendall West. Plaintiffs' actual employer was Driftwood Hospitality Management, II, LLC.

I.     **Background**

Plaintiffs assert claims in this action for alleged unpaid overtime wages and retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Plaintiffs were both employed for a brief period of time.

Defendant denies Plaintiffs' claim asserting, *inter alia*, that Plaintiffs were properly paid overtime for all time worked and that Plaintiffs signed off on every pay period confirming their hours worked for each period. Additionally, Defendant asserts that Plaintiffs did not make any complaints about improper pay during their employment and abandoned their positions.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

II.    **Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims. The proposed settlement arises out of an action brought by Plaintiffs against their former employer, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by experienced counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs were properly permitted to enter their time worked and in fact input and signed off on all their time worked during their brief employment, (b) whether plaintiff's were paid for all time worked, including the proper overtime paid at the proper rate (it is undisputed that Plaintiffs were, in fact, paid some overtime, they just dispute if they were paid all their overtime), (c) if Plaintiffs ever reported issues with their pay, (d) if Plaintiffs were subject to any adverse

employment action or whether they quit, and (e) whether Defendant's actions were non-willful and taken in good faith.

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

>  (1) the existence of fraud or collusion behind the settlement;
>  (2) the complexity, expense, and likely duration of the litigation;
>  (3) the stage of the proceedings and the amount of discovery completed;
>  (4) the probability of plaintiff's success on the merits;
>  (5) the range of possible recovery; and
>  (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiffs, represented by counsel, filed their claim for unpaid overtime wages against Defendant, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The Parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation.

As to the *second factor*, a trial has been scheduled for the two-week period of April 24, 2022. The Parties would be required to submit to depositions, as well as undertake the deposition of third-party witnesses in the case. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a two to three day trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to the Defendant is far greater than the amount of the settlement and the cost of litigation also is far greater than the overall value of the claim relative to the amount claimed by Plaintiffs.

As to the *third factor*, the litigation is currently in the discovery phase. The Parties intended to depose the other's clients and numerous witnesses. The Parties have also discussed the disputed issues in detail, which spurred settlement.

As to the *fourth factor*, there are several disputed issues. The Parties dispute, with respect to the overtime claim, (a) whether Plaintiffs were properly permitted to enter their time worked and in fact input and signed off on all their time worked during their brief employment, (b) whether plaintiff's were paid for all time worked, including the proper overtime paid at the proper rate (it is undisputed that Plaintiffs were, in fact, paid some overtime, they just dispute if they were paid all their overtime), (c) if Plaintiffs ever reported issues with their pay, (d) if Plaintiffs were subject to any adverse employment action or whether they quit, , and (e) whether Defendant's actions were non-willful and taken in good faith. Thus, there is a *bona fide* dispute as to whether Plaintiffs are owed any wages.

As to the *fifth factor*, should Defendant have prevailed based on any of its defenses (bearing in mind Defendant believes it has strong evidence Plaintiffs were paid for all hours worked as they hand-signed each of their bi-weekly hour reports confirming that all time reflected was accurate), Plaintiffs potentially may have recovered far less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendant. Additionally, Plaintiffs were paid overtime in nearly ever pay period that they were employed. Therefore, they would be required to show that (1) the signed timesheets they executed were inaccurate and (2) that they worked additional overtime beyond the significant overtime amount that they were already paid for which reflected the hours that they confirmed they worked through the signed timesheets.

Should Plaintiffs prevail, the Defendant may potentially fail on all defenses and be indebted to the Plaintiffs for a Judgment for wages, for part or the entire of Plaintiffs' claim, as well as an

award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue to litigate this case, the additional expenditure of fees and costs that will accrue as this matter moves forward (especially to trial), the uncertainty of whether any money judgment would be collectable, and the possibility that such a judgment would be discharged in bankruptcy. In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. The Parties respectfully submit that Plaintiffs' counsel is receiving a reduced amount in attorneys' fees and costs. as Plaintiff's counsel has agreed to take a total of $3800, which includes reduced attorneys' fees as well as out of pocket costs, for both Plaintiffs' claims.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the viability of Plaintiffs' claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

CASE NO. 22-CV-22138-ALTONAGA/TORRES

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' FLSA settlement agreement and request that the Court dismiss this entire action with prejudice.

Dated: September 8, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro Palma* | */s/ Roman Sarangoulis* |
| Zandro E. Palma, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 0024031 | Florida Bar No. 68999 |
| Email: *zep@thepalmalawgroup.com* | Email: *mendy.halberstam@jacksonlewis.com* |
| ZANDRO E, PALMA, P.A. | Roman Sarangoulis, Esq. |
| 9100 S. Dadeland Blvd. | Florida Bar No. 1011944 |
| Suite 1500 | Email: *roman.sarangoulis@jacksonlewis.com* |
| Miami, Florida 33156 | JACKSON LEWIS P.C. |
| Telephone: (305) 446-1500 | One Biscayne Tower, Suite 3500 |
| | 2 South Biscayne Boulevard |
| *Attorneys for Plaintiffs* | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | |
| | *Attorneys for Defendant* |